IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ONCOLOGY FOUNDATION,     *

    Petitioner,     *

v.     *     Civil Action No. PX 17-1445

AVANZA DEVELOPMENT SERVICES,     *
LLC et al.,
    *
    Respondents.

******

## MEMORANDUM OPINION & ORDER

Pending before the Court is Oncology Foundation's *Ex Parte* Petition for Subpoena for Documents for Use Before the European Patent Office. ECF No. 1. Oncology Foundation is seeking to revoke a patent held by the Johns Hopkins University involving an anti-cancer agent, 3-Halopyruvate and related compounds. Oncology Foundation wishes to subpoena documents generated by Avanza Development Corporation, LLC ("Avanza Development"), a contract research agency, and Steven Godin, Ph.D ("Dr. Godin") that Oncology Foundation believes will support patent revocation because, in essence, Johns Hopkins has misrepresented the efficacy and safety of the drug in question to obtain the patent in the first instance. For the reasons set forth below, the Court GRANTS Oncology Foundation's Motion.

The Court's authority to determine whether the subpoena shall issue arises from 28 U.S.C. § 1782(a), which provides "federal-court assistance in the gathering of evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices*, 542 U.S. 241, 247 (2004). A federal court may grant such assistance where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which application is made, (2) the discovery is

for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or "any interested person." 28 U.S.C. § 1782(a). Based on the proffered evidence contained within Oncology Foundation's petition, the Court finds that Oncology has met each of these requirements. The documents are sought from a corporation and individual found in Gaithersburg, Maryland, where Avanza Development's research facilities are located; they are to be used in proceedings before the European Patent Office; and the application is made by an "interested person," namely a party to the litigation. *See Intel*, 542 U.S. at 256 ("[L]itigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782).

Oncology Foundation has also persuaded this Court that the subpoena is warranted under the additional discretionary factors identified by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices*, 542 U.S. 241, 247 (2004). These factors guide the Court in assessing § 1782's "twin aims" of providing efficient means of assistance to participants in international litigation while encouraging foreign tribunals to provide similar assistance to our courts. *Schmitz v. Bernstein Liebnard v. Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004). The factors are: (1) whether "the person from whom discovery is sought is a participant in a foreign proceedings;" (2) the receptivity of the foreign tribunal to U.S. Court assistance; (3) whether the Section 1782 request is an attempt to "circumvent foreign proof gathering restrictions;" and (4) whether the documents sought are "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264–65.

Based on Oncology Foundation's submission, the discretionary factors on the whole favor issuing the requested subpoena. First, Avanza Development and Dr. Godin are not parties to this action and thus not subject to the jurisdiction of the European Patent Office. This fact renders essential this Court's assistance in obtaining the documents. Second, nothing in the

record before the Court suggests that the European Patent Office would be unreceptive to the issuance of the subpoena, and so this factor is neutral in the analysis. Third, the Court is not aware of any restrictions placed on discovery before the European Patent Office which this subpoena would circumvent. Fourth, the subpoena appears to be narrowly tailored to the issues before the foreign tribunal and, based on Oncology Foundation's representations, within the possession, custody and control of Avanza Development and Dr. Godin.

Finally, the Court notes that once the subpoena is served on Avanza Development and Dr. Godin, each may file a motion to quash the subpoena in lieu of compliance, which will automatically reopen this matter. *In Re Naranjo*, 768 F.3d 332, 338 n.4 (4th Cir. 2014).

Accordingly, and upon consideration of Oncology Foundation's Ex Parte Petition, it is this 30th day of May, 2017, ORDERED that the Petition is GRANTED and that Oncology Foundation is authorized, pursuant to 28 U.S.C. § 1782, to serve on Avanza Development Services, LLC, and Steven Godin, Ph.D. a subpoena in the form of Exhibit A to the Petition.

5/30/2017  
Date

/S/  
Paula Xinis  
United States District Judge